### BEAUMONT EXPORT & IMPORT CO. v. NEW YORK & CUBA MAIL S. S. CO.

(Circuit Court of Appeals, Fifth Circuit. January 20, 1923.)

No. 3963.

Shipping ☞140—Valuation of shipment in bill of lading held binding.

    A provision in a steamship bill of lading issued for a shipment of tractors that it was mutually agreed that, unless a higher value was stated therein, the value did not exceed $100 per package, and the freight had been adjusted on such valuation *held* valid and binding, and to limit the damages recoverable for loss of a tractor to $100, where the bill of lading was prepared by shipper's agent on a form procured from the carrier, and if a higher valuation had been stated, under the carrier's tariff the shipment would have been subject to a higher rate.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Suit in admiralty by the Beaumont Export & Import Company against the New York & Cuba Mail Steamship Company. Decree for libelant, from which it appeals. Affirmed.

Isaac W. Lawhon, of Beaumont, Tex. (Gordon, Lawhon & Pool, of Beaumont, Tex., on the brief), for appellant.

C. T. Duff, of Beaumont, Tex. (F. J. & C. T. Duff, of Beaumont, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was a libel in personam by the appellant against the appellee, a common carrier of freight between Orange, Tex., and Tampico, Mexico, the claim asserted being that appellee was liable for the alleged amount of loss and damage resulting from a caterpillar tractor, received by the appellee from the appellant for carriage on a vessel of the former from Orange to Tampico, falling from such vessel into the Port Arthur Ship Channel; the alleged loss and damage being attributed to the failure of the appellee to properly load the tractor and fasten the same so as to make it

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

secure. There was a decree in favor of the appellant, awarding $100 for the loss of the tractor mentioned and the amount of freight paid.

The bill of lading under which the tractor was shipped contained the following provision, there being a recital in the first paragraph of the bill of lading to the effect that that provision was mutually agreed upon:

"Unless a higher value be stated herein, the value of the goods does not exceed $100 per package, nor $8 per cubic foot, and the freight thereon has been adjusted on such valuation, and no oral declaration shall be evidence of a different valuation."

It was contended in behalf of the appellant that the just-quoted provision was not binding on it, because there was no consideration therefor, and appellant was not given a choice between the agreed rate of freight, 60 cents per 100 pounds, and another and higher rate. Evidence adduced was to the following effect:

Some time prior to the shipment an agent of appellant communicated with a representative of the appellee in regard to shipping a number of tractors from Orange to Tampico. After it was agreed that the tractors would be loaded on a vessel of the appellee at appellant's risk and carried on deck, an inquiry as to the rate was made. Appellee's representative first quoted a 75-cent rate. Thereupon appellant's agent stated that appellee would have to quote a 60-cent rate to meet the competition of other carriers. Thereafter appellee agreed to the 60-cent rate. At that time there was in existence a tariff of the appellee showing a rate of 75 cents per 100 pounds applicable to the shipment. That tariff contained the following:

"Packages on which the value is declared on shipping receipts and bills of lading at the time of shipment to be in excess of $100 each shall be charged at tariff rates subject to minimum charges as per item 6, plus 1 per cent. of value declared, except articles at ad valorem rates which shall only pay tariff rates.

"Important.—This company will not be liable, in the event of loss or damage resulting from the fault or negligence, as detailed in bills of lading for more than $100 (one hundred dollars) per package, unless such valuation is shown in shipping receipts and bills of lading and extra freight paid thereon."

The bill of lading was prepared by appellant's agent on a printed form used by the appellee. For some time appellant's agent had been in possession of such forms, which were furnished by the appellee. There was no discussion as to the value of the property to be shipped, or in regard to a rate other than those quoted. There was undisputed testimony to the effect that, if the bill of lading presented had shown a valuation of the tractors shipped of more than $100 each, a rate higher than the one previously agreed on would have been charged, as provided in the tariff.

The effectiveness of the above-quoted provision of the bill of lading was not dependent on the appellee actually presenting to the appellant, the shipper, the alternative of making the shipment on terms other than those stated in the bill of lading, which limited the appellee's

liability as carrier. The law charged the appellant with notice that it could insist on the appellee assuming the common-law responsibility of a common carrier. By tendering a bill of lading which limited the carrier's liability, the appellant manifested its election not to insist on the appellee incurring the common-law liability of a common carrier. Cau v. Texas & Pacific R. Co., 194 U. S. 427, 24 Sup. Ct. 663, 48 L. Ed. 1053. The above-quoted provision of the bill of lading evidences the understanding of the parties to the shipment that the rate of freight was adjusted on the valuation therein stated.

The presumption is conclusive that, if appellee's liability as carrier of the tractor mentioned had been assumed on a valuation thereof as great as that now alleged, a higher rate of freight would have been charged. Hart v. Pennsylvania Railroad Co., 112 U. S. 331, 337, 5 Sup. Ct. 151, 28 L. Ed. 717. The quoted provision was supported by a consideration moving to the appellant, in that the rate of freight based on the valuation stated was less than what it is to be presumed would have been charged if a valuation many times greater had been stated in the bill of lading. The appellant cannot plead ignorance of the terms of that instrument, prepared and tendered by itself, there being no evidence that the appellee committed any fraud or misrepresented the terms or import of the instrument. 10 Corpus Juris, 140. Having accepted the benefit of the lower rate dependent upon the specified valuation, the appellant is estopped from asserting a higher value. American Ry. Express Co. v. Lindenburg, 43 Sup. Ct. 206, 67 L. Ed. ——, Jan. 8, 1923.

In the circumstances disclosed, the court did not err in giving effect to the above-quoted provision. It was not contended that the law forbids such a stipulation, nor that appellee was required to adhere to its tariff in the matter of the rate to be paid.

The judgment is affirmed.